OPINION and JOURNAL ENTRY
{¶ 1} On June 13, 2005, petitioner, Ronald L. Reece (Reece), filed a petition for writ of habeas corpus stating that he is being held unlawfully in the Columbiana County Jail. He is asserting that excessive bail was issued by the Columbiana County Common Pleas Court, in violation of the Eighth Amendment to the United States Constitution. However, the state's motion to dismiss establishes that this application for a writ of habeas corpus is moot.
 {¶ 2} Reece was charged in the state of Colorado with criminal impersonation. On September 11, 2003, an arrest warrant was issued for Reece. On April 19, 2005, he was arrested in Columbiana County and charged with R.C. 2963.11, as being a fugitive from justice. He was subsequently committed to the Columbiana County Jail to await extradition. This writ of habeas corpus followed.
 {¶ 3} As noted by the respondent, the Columbiana County Sheriff, after the filing of petition for writ of habeas corpus, Reece was extradited back to the state of Colorado. Accordingly, this court no longer has the jurisdiction to issue a writ on his behalf.
 {¶ 4} A person who is being unlawfully restrained of his liberty may file a writ of habeas corpus petition to inquire into the cause of such confinement. R.C. 2725.01. Furthermore, R.C. 2725.03 provides that "[i]f a person restrained of his liberty is an inmate of a state * * * correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."
 {¶ 5} These statutes mandate that a person seeking a writ of habeas corpus be in the custody of an official for which the court in which the petition was filed has authority to order an inmate's release.
 {¶ 6} In this case, the petition is against the Columbiana County Sheriff. Reece is not in the custody of the Columbiana County Sheriff. In fact, Reece is no longer in the custody of any official in the state of Ohio. This court does not have the authority to issue a writ of habeas corpus to relieve the petitioner from the custody of officials in another state. In other words, this court has no authority to grant the relief request.
 {¶ 7} We further note that Reece filed the petition for writ of habeas corpus in the Common Pleas Court, challenging the bond set by the Columbiana County Municipal Court. The Common Pleas Court denied the petition. As the subject matter of that petition is the same as this petition, Reece had an adequate remedy at law to appeal the denial of his petition. Such legal remedy is an additional reason that extraordinary relief is foreclosed.
 {¶ 8} The Columbiana County Sheriff's motion to dismiss is granted. Petition for writ of habeas corpus dismissed for lack of jurisdiction.
 {¶ 9} Costs taxed against petitioner. Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.