OPINION
{¶ 1} Defendant-appellant, Anthony Heavner, appeals from the March 20, 2008, Judgment Entry of the Tuscarawas County Court of Common Pleas denying his petition for a writ of habeas corpus.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 11, 2007, appellant was arrested by the Strasburg Police Department and charged with a number of offenses. After it was discovered that appellant had an active warrant from Levy County, Florida, for absconding while under supervision, Chief McCamant of the Strasburg Police Department, on January 15, 2008, filed a complaint. The Chief, in his complaint, alleged that appellant had been arrested pursuant to a warrant issued for aggravated assault with intent to commit a felony from Levy County, Florida and prayed that appellant be held pursuant to R.C. 2963.13 pending extradition to Florida. An extradition hearing was scheduled for January 18, 2008. At the January 18, 2008, hearing, appellant requested a two week continuance in order to further investigate the outstanding warrant from Florida. As memorialized in a January 24, 2008, Judgment Entry, the trial court granted appellant two weeks in which to apply for a writ of habeas corpus.
 {¶ 3} On January 31, 2008, appellant filed a petition for a writ of habeas corpus. Appellant, in his petition, alleged, in relevant part, as follows:
 {¶ 4} "The cause or pretense of the imprisonment or restraint of Petitioner, according to the best knowledge and belief of Petitioner, is an arrest in pursuance of a warrant issued by Judge Stan R. Morris of Florida reciting that Petitioner has been *Page 3 
indicted in the State of Florida for the crime of Aggravated Assault with Intent to Commit a Felony and is a fugitive.
 {¶ 5} "Petitioner's arrest and imprisonment is illegal, in that the papers accompanying the demand are not authenticated as required by Ohio Law, and in that it appears on the face of the indictment accompanying the requisition that no crime under the laws of the State of Ohio is charged or has been committed. In consequence Petitioner is unlawfully restrained of liberty in violation of the Fifth Amendment to the Constitution of the United States."
 {¶ 6} Pursuant to a Scheduling Order filed on March 6, 2008, the trial court scheduled a hearing on appellant's petition for March 14, 2008.
 {¶ 7} Thereafter, on March 11, 2008, appellee State of Ohio filed a reply to appellant's petition for a writ of habeas corpus and a motion to dismiss. Appellee, in such document, argued, in part, that appellant's petition failed to invoke the jurisdiction of the trial court because the petition was not verified. Appellee further argued that there was no basis for a writ of habeas corpus because it was clear from the documentation received from the State of Florida that appellant was the same Anthony Heavner who was on probation from Levy County, Florida for aggravated assault with intent to commit a felony. The documentation was filed with the trial court.
 {¶ 8} In response, appellant, on March 13, 2008, filed an amended petition for writ of habeas corpus.
 {¶ 9} A hearing on appellant's amended petition was held on March 14, 2008. At the hearing, appellant's counsel called appellant to the stand. Appellant testified as follows when asked what was wrong with Florida's reasoning for wanting him extradited: *Page 4 
 {¶ 10} "A. I believe Florida is acting in bad faith. I've got documentation that proves Florida has filed false warrants before I have in my possession right now, a copy of a documented warrant it has been filed from Florida which indicates a whole different range of charges in comparison to the, what the Florida court has present this court. And the warrant that I have in my hand today, this warrant has the very same case number that you guys have on your case records and the case number would be 00, or 2005 CF 834A which is the exact same case number that appears on the warrant from Florida. And I believe they're acting in bad faith in terms of issuing the warrant up here under that same case number. They have that case number on a multiple different charges which I have multiple charges with that same case number." Transcript at 8.
 {¶ 11} Appellant further testified that the District Attorney in Florida was currently under investigation by the Florida Bar Association for bad faith,
 {¶ 12} On cross-examination, appellant stated his name, date of birth and social security number and indicated that the same name, date of birth and social security number were listed on the Florida records. He further admitted that the photograph listing his date of birth, which was obtained from the Florida Department of Corrections, was of him and that he had been convicted of a felony in Levy County in the State of Florida. Appellant further testified that he received a sentence for that conviction and was put on supervision for three years until 2010. Appellant also testified that he had pleaded guilty to two charges in New Philadelphia Municipal Court and that he did not have permission to leave his supervision in Florida to come to Ohio. The following is an excerpt from appellant's testimony: *Page 5 
 {¶ 13} "Q. Okay. Now Sir, the warrant that we have attached, I don't mean to belabor you with it again, but the warrant that we have attached from the State of Florida that says you're on supervision until 2010, does that sound about right to you?
 {¶ 14} "A. I have no idea, Sir.
 {¶ 15} "Q. Well, how many years did he put you on supervision?
 {¶ 16} "A. I believe it was three.
 {¶ 17} "Q. Three years, okay, that's what our warrant says, three years, okay. And Sir, at some point in time, you were arrested up here in Tuscarawas County in the Village of Strasburg by this officer seated to my right, and you've now pled to two charges in the New Philadelphia Municipal Court as a result of that; is that correct?
 {¶ 18} "A. Yes, sir.
 {¶ 19} "Q. Okay. And did you in fact have permission to leave your supervision in Florida to come up to the State of Ohio?
 {¶ 20} "A. No, sir.
 {¶ 21} "Q. So you are admitting under oath that the photo from the Florida Corrections Department is accurate, correct?
 {¶ 22} "A. Yes, sir.
 {¶ 23} "Q. You're admitting under oath your date of birth and social security number, correct?
 {¶ 24} "A. Yep.
 {¶ 25} "Q. You're admitting you're under a felony warrant conviction from Levy County, Florida, correct?
 {¶ 26} "A. Yep. *Page 6 
 {¶ 27} "Q. And you're admitting you're under supervision for three years starting in 2007, correct?
 {¶ 28} "A. No, sir, I'm not under supervision no more.
 {¶ 29} "Q. You're not under supervision anymore?
 {¶ 30} "A. Absolutely not, it's been revoked as of October 18th.
 {¶ 31} "Q. Okay. Now, the word you use was revoked.
 {¶ 32} "A. However they worded it.
 {¶ 33} "Q. Okay.
 {¶ 34} "A. I believe —
 {¶ 35} "Q. So what they're trying to do is get you back there to serve your sentence; is that correct, Sir?
 {¶ 36} "A. Apparently.
 {¶ 37} "Q. Okay, so at least as of the time that you left down there, you were under supervision, correct, Sir?
 {¶ 38} "A. Yes, sir.
 {¶ 39} "Q. Okay. And you had no permission to leave the State of Ohio (sic); is that correct?
 {¶ 40} "A. No, sir." Transcript at 13-14.
 {¶ 41} As memorialized in a Judgment Entry filed on March 20, 2008, the trial court denied appellant's petition for writ of habeas corpus and ordered that Levy County, Florida have fourteen days within which to retrieve appellant from the State of Ohio.
 {¶ 42} Appellant now raises the following assignments of error on appeal: *Page 7 
 {¶ 43} "I. THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS IN DENYING HABEAS CORPUS AND PERMITTING EXTRADITION WITHOUT MAKING APPROPRIATE FINDINGS AS REQUIRED BY LAW.
 {¶ 44} "II. THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS IN PERMITTING THE RELEASE OF THE PETITIONER TO THE STATE OF FLORIDA WHEN THE COURT FAILED TO ISSUE A WARRANT TO DETAIN THE APPELLANT UNTIL A VALID GOVERNOR'S WARRANT WAS PRESENTED REQUESTING EXTRADITION.
 {¶ 45} "III. THE TRIAL COURT ERRED AND VILOATED [SIC] APPELLANT'S RIGHTS TO DUE PROCESS IN DENYING HABEAS CORPUS AND PERMITTING EXTRADITION BECAUSE THE STATE FAILED TO PROCEED WITH ALL PRACTICABLE SPEED.
 {¶ 46} "IV. THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE."
 {¶ 47} However, we need not address the merits of appellant's appeal because the matter is moot. In a Notice to the Court that was filed on April 10, 2008, which is after the Notice of Appeal was filed, appellee advised the trial court that appellant "has been picked-up by the State of Florida and has been transported pursuant to the extradition filed herein." We find, therefore, that his appeal is moot. See, for example, *Page 8 Scales v. Kelly (Sept. 26, 1997), Clark App. No. 97 CA 1,1997 WL 593772[1] and In the Matter of Kukoleck (May 10, 1990), Cuyahoga App. No. 56894, 1990 WL 61729.[2] See also Reece v. Columbiana CountySheriff, Columbiana App. No. 05-CO-30, 2005-Ohio-5314.
 {¶ 48} Appellant's appeal is, therefore, dismissed.
 Edwards, J. Hoffman, P.J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Tuscarawas County Court of Common Pleas is dismissed. Costs assessed to appellant .
[1] In Scales, after the State of West Virginia sought to extradite the appellant from Ohio to West Virginia, the appellant filed an application for a Writ of Habeas Corpus. After it was denied, the appellant appealed. The Court of Appeals, in its decision, stated in relevant part, as follows: "we need not definitively address the merits of this appeal because the matter is moot. Scales is now in West Virginia and a writ of habeas corpus directed to the Clark County, Ohio, sheriff would provide Scales with no relief."
[2] In Kukoleck, the appellant appealed from the trial court's denial of his Petition for Writ of Habeas Corpus. The Court of Appeals dismissed his appeal as moot, noting that the appellant had been released from the custody of the State of Ohio and had been returned to Tennessee. *Page 1